877 A.2d 261

IN THE MATTER OF DONALD M. ROHAN, AN ATTORNEY
AT LAW (ATTORNEY NO. 033721996).

July 15, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–062, concluding that **DONALD M. ROHAN** of **MAPLEWOOD**, who was admitted to the bar of this State in 1996, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.1(b)(pattern of neglect), *RPC* 1.2(a)(failure to abide by client's decision whether to accept offer of settlement), *RPC* 1.4(a)(failure to communicate with client), *RPC* 1.4(b)(failure to explain matter to extent necessary to permit client to make informed decisions), *RPC* 1.16(a)(2)(failure to withdraw from representation when lawyer's physical or mental condition materially impairs ability to represent client), and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board further having concluded that prior to reinstatement to practice, respondent should submit proof of his fitness to practice law;

And good cause appearing;

It is ORDERED that **DONALD M. ROHAN** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective August 10, 2005; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.